IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| OVERCOMING WORD PRAISE CENTER, INTERNATIONAL, <br><br> *Plaintiff,* <br><br> VS. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br> *Defendant.* | § § § § § § § § § § § § § CIIVIL ACTION NO. 7:15-cv-15-60 |

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1446(a) and 1446(c)(1), **Philadelphia Indemnity Insurance Company**, the only remaining Defendant in the above-styled case, files this Notice of Removal from the District Court of Wichita County, Texas, 89th Judicial District, to the United States District Court for the Northern District of Texas, Wichita Falls Division, and states as follows:

### INTRODUCTION

1. The Plaintiff is Overcoming Word Praise Center, International ("Plaintiff").

2. The Defendant is Philadelphia Indemnity Insurance Company ("Defendant").

3. Plaintiff commenced this action in state district court on March 10, 2014, naming two defendants: The Defendant herein and a non-diverse defendant, James A. Greenhaw ("Greenhaw").

4. Plaintiff voluntarily dismissed that non-diverse defendant on March 20, 2015, one year *and ten days* after the one-year deadline for removal.

5. The undersigned counsel for Defendant thereupon contacted Greenhaw's attorney and learned that Plaintiff dismissed Greenhaw only after their respective attorneys engaged in the following email exchange on March 17, 2015:

> Email from Greenhaw's counsel to Plaintiff's counsel:
>
> **This case was filed March 10, 2014, so we are now past the one-year window where the case could ever be removed on diversity grounds. Would you be willing to accommodate a nonsuit of the independent adjuster, Mr. Greenhaw**, like we were able to work out for Mr. Carberry in the *PPA Group v. Maiden* case? It's been a while, so I've attached the nonsuit from *PPA* to refresh our memories.
>
> I'm raising this now because Mr. Greenhaw's expert designations are due on Friday, and I'd sure like to avoid that cost for him.
>
> As we did in *PPA*, we will of course work with everyone for any documents or deposition needed from Mr. Greenhaw.
>
> Please let me know.
>
> Reply email from Plaintiff's counsel:
>
> We can work out the same agreement we did in PPA so long as the nonsuit is without prejudice.

*See* 3/17/15 emails, true and correct copies of which are attached as part of **Exhibit 1** (emphasis added).

6. Two days later, the attorneys for Greenhaw and Plaintiff entered into an agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure. Under the terms of that agreement, just nine days after the one-year deadline for removal under 28 U.S.C. § 1446(a) had passed, Plaintiff agreed to non-suit Greenhaw in exchange only for the promise to from Greenhaw's attorney "to facilitate producing Mr. Greenhaw for a deposition and trial, if

necessary." *See* 3/17/15 Email Exchange, a true and correct copy of which is attached as part of **Exhibit 1**.

7. Plaintiff has asserted causes of action arising under Texas law for breach of contract, for violation of various provisions of chapters 541 and 542 of the Texas Insurance Code and of the Texas Deceptive Trade Practice Act, along with common law causes of action arising under state law.

8. The Federal Court Jurisdiction and Venue Clarification Act of 2011 amended 28 U.S.C. § 1441(c) — governing removal of civil actions — and § 1446(b)(2)(c) — the procedure for removal of civil actions for all lawsuits commenced on or after January 6, 2012. *See* Pub. L. 112-63, title I, §§ 103(b), 104, Dec. 7, 2011, 125 Stat. 760, 762; *John M. Floyd & Assocs. v. Fiserv Solutions, Inc.*, No. 4:11CV306, 2012 WL 405485 (E.D. Tex. Feb. 8, 2012) (mem. op.). As is pertinent to this removal, the removal statute, as amended, provides as follows:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, **unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.**

28 U.S.C. § 1446(c)(1) (emphasis added).

9. The timing of Plaintiff's voluntary dismissal without prejudice of Greenhaw — *the only non-diverse defendant in this lawsuit* — and the emails attached as Exhibit 1 demonstrate that Plaintiff included Greenhaw as a defendant for the purpose of precluding removal on diversity grounds. Plaintiff promptly dismissed Defendant only after receiving an email contending (incorrectly, it turns out) that the case was "now past the one-year window where the case could ever be removed on diversity grounds." The apparent failure by Plaintiff's counsel (and Greenhaw's counsel) to take the above-quoted amendment to the removal statute

into consideration when agreeing to dismiss Greenhaw does not vitiate the bad faith shown by Plaintiff. Removal is therefore proper one year *and two weeks* after Plaintiff commenced this action.

## VENUE IS PROPER

10. Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because this court sits in the district and division embracing Wichita County, Texas, where the action is currently pending.

## BASIS FOR REMOVAL

11. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

### A. Diversity of Citizenship Exists.

12. Plaintiff maintains its principal place of business in Wichita County, Texas. Plaintiff is a not-for-profit corporation formed under the laws of the State of Texas. *See* Articles of Incorporation, pp. 1 & 5, a certified copy of which is attached as **Exhibit 2**; *see also* Plaintiff's Original Petition, p. 1 (alleging Plaintiff is a "resident of Texas").

13. Defendant is a corporation organized and existing under the laws of the State of Pennsylvania. In addition, Defendant maintains its principal place of business in Pennsylvania. *See* Affidavit of Kevin B. Liney, attached as **Exhibit 3** and exhibit thereto.

14. Complete diversity of citizenship therefore exists between all plaintiffs and all defendants. 28 U.S.C. § 1332(a)(1), (c)(1).

### B. The Amount in Controversy Exceeds $75,000.

15. Plaintiff's Original Petition includes the following allegation:

> Defendants Philadelphia and Greenhaw misrepresented that the damages caused by the wind and hailstorm were below the Policy deductible. However, Defendants' representations were false because <u>Plaintiff's wind and hailstorm exceed $412,000.00</u>.

*See* Pl.'s Orig. Pet., para. 1, at pp. 3-4, a copy of which Defendant is filing with this Notice of Removal (footnote omitted; emphasis added).

16. Plaintiff therefore claims damages, exclusive of interest and attorney's fees, exceeding $75,000.

**C. Removal Is Proper.**

17. In light of this evidence, Defendant may remove the state court action to this Court pursuant to 28 U.S.C. § 1332 because (a) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, (b) this action is between citizens of different states, and (c) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

18. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, Defendant is filing a copy of this Notice of Removal with the Clerk of the 89th Judicial District Court of Wichita Falls County, Texas, where Plaintiff commenced this action.

19. Defendant is filing the following items concurrently with this Notice of Removal, as required by Northern District of Texas Local Rule 81.1:

    (a) a completed civil cover sheet;

    (b) an index of all documents that identifies each document and indicates the date the document was filed in state court;

    (c) a copy of the docket sheet in the state court action;

---

(d) each document filed in the state court action, except discovery material (with each document individually tabbed and arranged in chronological order according to the state court file date);

(e) a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e); and

(f) a list of all counsel of record.

### CONCLUSION

Defendant Philadelphia Indemnity Insurance Company gives notice to the Court of its removal of the above-captioned action from the 89th Judicial District Court of Wichita County, Texas, and request that further proceedings be conducted in the United States District Court for the Northern District of Texas, Wichita Falls Division, as provided by law.

Dated: March 24, 2015

                                      Respectfully submitted,

                                      */s/ William R. Pilat*
                                      William R. Pilat
                                      Texas Bar No. 00788205
                                      KANE RUSSELL COLEMAN & LOGAN PC
                                      919 Milam Street, Suite 2200
                                      Houston, Texas 77002
                                      Telephone:  713-425-7400
                                      Facsimile:   713-425-7700
                                      E-mail:  wpilat@krcl.com

                                      ATTORNEY-IN-CHARGE FOR DEFENDANT
                                      PHILADELPHIA INDEMNITY INSURANCE COMPANY

OF COUNSEL:

Charles W. Oldham
Texas Bar No. 15246000
OLDHAM & ASSOCIATES
1106 Travis Street, Suite 120
Wichita Falls, Texas 76301
Telephone: 940-766-4317
Facsimile: 940-766-3484
E-mail: Charles@oldhamfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2015, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, via e-mail, facsimile and/or certified mail, return receipt requested:

Humberto G. Garcia
HUMBERTO G. GARCIA, PLLC
1350 N. Loop 1604 East, Suite 104
San Antonio, Texas 78232

Brennan M. Kucera
Benjamin M. Tenenholtz
SPEIGHTS & WORRICH, LLP
1350 N. Loop 1604 East, Suite 104
San Antonio, Texas 78232

Charles W. Oldham
OLDHAM & ASSOCIATES
1106 Travis Street, Suite 120
Wichita Falls, Texas 76301

                                                                                    /s/ *William R. Pilat*
                                                                                    William R. Pilat